IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

                                              ORDER

v.

                                           17-cr-48-jdp-1

BLAIR COOK,

          Defendant.

---

A hearing on the probation office's petition for judicial review of defendant Blair Cook's probation supervision was held on June 6, 2018, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita Rumbelow. The defendant was present in person and by counsel Shelley Fite. Also present was Senior U.S. Probation Officer Kristin E. Kiel.

## FACTS

From the record, I make the following findings of fact. The defendant was sentenced to a four-year term of probation on February 1, 2018, following his conviction in the Western District of Wisconsin for possession of a firearm and ammunition by an unlawful marijuana user in violation of 18 U.S.C. § 922(g)(3), a Class C felony. The Honorable James D. Peterson granted a variance below the advisory guideline range due to unusual circumstances, including that the defendant had no previous felony record and met the definition of a prohibited person solely due to his regular marijuana use. Plus, the defendant had never received a warning that his possession of a firearm as an unlawful marijuana user constitutes a felony offense. All of these considerations led Judge Peterson to find that the impact of the crime on the community was not

1

as serious as other violations of § 922.

Nevertheless, the defendant has already been arrested by the Madison, Wisconsin, Police Department on May 27, 2018, for second degree reckless endangerment, allegedly because he and four accomplices began firing paintball projectiles at objects and individuals from a moving vehicle. Because a prosecution decision by the Dane County, Wisconsin, District Attorney's Office is pending, I will not make a specific finding at this time regarding the alleged violation of the mandatory condition of the defendant's probation prohibiting him from committing another federal, state, or local crime.

What I will consider is the defendant's violation of Standard Condition No. 2 of his probation, requiring him to submit a complete written report within the first five days of each month. In fact, the defendant has yet to submit a single monthly report as instructed now more than four months into his term of probation. The defendant also violated Standard Condition No. 5 of his probation, prohibiting his purchase, possession, use, or distribution of a controlled substance, except prescribed by a physician, when just four days after his sentencing hearing, the defendant submitted a urine sample that tested positive for marijuana. While he denied marijuana use, laboratory analysis confirmed the presence of cannabinoids in the urine sample he provided. Finally, the defendant violated Standard Condition No. 7 of his probation, prohibiting him from meeting, communicating, or spending time with any persons he knows to be engaged or planning to engage in criminal activity.

Indeed, the defendant has had police contact on *three* separate occasions since April 2018. On April 23, he was pulled over with four passengers in his vehicle and was cited for operating a vehicle after suspension of his license. On May 9, the defendant was the passenger in a vehicle that was pulled over by officers at 2:34 a.m. And on May 27, the defendant and four others were

arrested for shooting paint balls at people and objects while riding in a vehicle that same day. Obviously, the defendant's social network interactions continue to be negative influences, and he continues to place himself at a greater risk to re-offend through his associations.

If true, that conduct falls into the category of a Grade C violation pursuant to § 7B1.1(a)(3). Section 7B1.3(a)(2) of the advisory guidelines reflects that the Court may revoke probation, extend the term of probation, or modify the conditions of probation upon a finding of a Grade C violation.

The defendant's apparent violations on supervision are disturbing, especially since this court gave the defendant the benefit of the doubt at sentencing. As a result, continued similar misconduct will warrant revocation. Nevertheless, judicial review in this matter will be held in abeyance to provide the defendant with an alternative to revocation, by modifying his conditions of release to require participation in a 90-day residential treatment program at Rock Valley Community Programs, Inc., in Janesville, Wisconsin. This will afford the defendant the opportunity to fully engage in correctional treatment and rehabilitative efforts that will address the risks and needs he continues to present. If the defendant engages in further violations or resists programming intended to invoke positive change, his violations will have to be revisited in order to safeguard the community.

ORDER

A ruling on the probation office's motion for judicial review of the defendant's probation is CONTINUED until September 17, 2018, unless before that time, the probation office renews its motion on the grounds that the defendant has further violated the conditions of probation imposed upon him on February 1, 2018. The defendant shall remain on probation, and in addition to his other obligations imposed on supervision, he is required to participate in the 90-day residential

treatment program at Rock Valley Community Programs, Inc., in Janesville, Wisconsin, and shall be released from custody tomorrow, June 7, 2018, when a spot in that program is expect to become available. Accordingly, defendant shall report to that program in Janesville, Wisconsin, by noon tomorrow. The defendant is also required to comply fully with all mandatory, standard, and special conditions of probation as previously imposed and still in effect.

Entered this 6th day of June, 2018.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge