N THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

                                                       ORDER
                                                    17-cr-48-jdp-1

     v.

BLAIR COOK,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Blair Cook's probation sentence was held on November 13, 2019, before U.S. District Judge James D. Peterson. Assistant U.S. Attorney Rita Rumbelow appeared for the government. Defendant was present in person and by defense counsel Peter Moyers. Senior U.S. Probation Officer Nicholas A. Tuma was also present.

From the record, I make the following findings of fact.

## FACTS

On February 1, 2018, Blair Cook was sentenced by Your Honor, following his conviction for being an unlawful marijuana user in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(3), a Class C felony. Mr. Cook was sentenced to a term of four years' probation. Mr. Cook's probation sentence commenced on February 1, 2018.

Defendant violated a statutory mandatory condition prohibiting him from committing another federal, state, or local crime. On February 10, 2019, officers with the University of

Wisconsin-Madison, Police Department, conducted a traffic stop and issued Mr. Cook a citation for operating while suspended. On March 1, 2019, a default judgment for $200.50 was entered in Dane County Circuit Court, Case No. 2019TR1787. This judgment remains outstanding. On March 8, 2019, officers with the Monona, Wisconsin, Police Department conducted a traffic stop of Mr. Cook's vehicle and issued him a citation for operating after suspension. On August 28, 2019, Mr. Cook pled guilty to possession with intent to distribute a mixture or substance containing cocaine base in United States District Court for the Western District of Wisconsin Case No. 19-cr-47-jdp-1. Sentencing was scheduled to occur prior to this judicial review on November 13, 2019.

Defendant violated Standard Condition No. 2 requiring him to submit complete written reports within the first five days of each month. Mr. Cook has failed to file any monthly reports as instructed since his sentencing hearing in February 2018. In an effort to be more convenient to Mr. Blair he was enrolled in an electronic reporting system to assist him with his required reporting on February 6, 2018.

Defendant violated Standard Condition No. 5 prohibiting him from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. On June 7, 2018, Mr. Cook submitted a urine specimen that tested presumptively positive for marijuana. He admitted that on May 30, 2018, he used marijuana. On October 10, 2018, Mr. Cook submitted a urine specimen that tested presumptively positive for opiates. The specimen was sent to the national laboratory for confirmation testing, and on October 15, 2018, the specimen was confirmed positive for codeine. Mr. Cook did not have a prescription for codeine.

The most serious alleged violation in this case is classified as a Grade A violation, pursuant to USSG § 7B1.1(a)(1).  Two of the four alleged new law violations are controlled substance offenses as defined at USSG § 4B1.2(b) and are punishable by a term of imprisonment exceeding one year.  A Grade A violation coupled with Criminal History Category IV results in an advisory guideline range of imprisonment of 24 to 30 months, if the term of probation is revoked.  As set forth at 18 U.S.C. § 3565(b)(1), if a defendant possesses a controlled substance, the Court shall revoke probation.

Pursuant to 18 U.S.C. § 3565(a)(2), should Mr. Cook's term of probation be revoked, he could be sentenced to a statutory maximum ten years' imprisonment pursuant to 18 U.S.C. § 922(g)(3).  Pursuant to 18 U.S.C. § 3583(b)(2), up to three years supervised release is authorized to follow imprisonment.

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I find revocation is mandatory under 18 U.S.C. § 3565(b)(1).  Defendant possessed a controlled substance as evidenced by his guilty plea in United States District Court for the Western District of Wisconsin Case No. 19-cr-47-jdp-1 and his positive drug screens.  Therefore, the four-year term of probation imposed on February 1, 2018, is revoked.

Defendant's criminal history score falls within Criminal History Category IV.  When coupled with a Grade A violation, the advisory guideline range is 24 to 30 months.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, as well as the sentencing factors at 18 U.S.C. § 3553(a), I am persuaded that a sentence below the advisory sentencing guideline range is reasonable and no greater than necessary to achieve the

statutory purposes of sentencing upon revocation. The purpose of this sentence is to hold defendant accountable for his repeated violations by promoting respect for the law, which includes the court-ordered conditions of his supervision; to deter him and like-minded others from future, similar illegal conduct; to protect the community; and to provide for correctional and rehabilitative programming in a structured environment.

## ORDER

IT IS ORDERED that defendant's term of probation imposed on February 1, 2018, is REVOKED. Defendant is committed to the custody of the Bureau of Prisons for a term of 14 months to run consecutively to any term of imprisonment in United States District Court for the Western District of Wisconsin Case No. 19-cr-47-jdp-1. No term of supervised release is ordered in this case.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Defendant is hereby remanded to custody to begin serving his term of incarceration.

Entered this 14th day of November 2019.

BY THE COURT:

/s/
_____
James D. Peterson
District Judge